**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BRAD J. BOYD &** | * | **CIVIL ACTION NO.:** |
| **JOHNNY S. REYES** | * | |
| | * | **SECTION:** |
| **VERSUS** | * | |
| | * | **MAG. DIV.:** |
| **SGS NORTH AMERICA INC.** | * | |
| ************************************* | | **TRIAL BY JURY** |

# COMPLAINT FOR DAMAGES

**MAY IT PLEASE THE COURT:**

NOW COME, through undersigned counsel, Plaintiffs, Brad Boyd and Johnny Reyes, persons of full age residing and domiciled in the Parish of Jefferson, Louisiana, who respectfully plead the following:

1. This Honorable Court possesses subject matter jurisdiction by virtue of 28 U.S.C. § 1332, based on the diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

2. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2) as the events giving rise to the claim occurred in this federal district, in particular, at the Dow Chemical Plant located on Louisiana Highway 3142, in Hahnville, Louisiana.

3. The claims of Brad Boyd and Johnny Reyes are properly joined and consolidated as each claim arises out of the same transaction or occurrence, and all questions of law and fact that will arise are common to both Plaintiffs and the Defendant.

4. Defendant, SGS North America Inc. [“SGS”], is a non-Louisiana business corporation domiciled in the State of Delaware and keeps its principal place of business in the State of New Jersey.

5. Upon information and belief, SGS provides numerous services in the chemical processing industry, including the loading and unloading of chemicals into railroad tank cars on a contract basis.

6. Upon information and belief, on or about June 7, 2016, the Defendant, SGS, was contracted by Dow Chemical Corporation [“Dow”] to perform the chemical loading and unloading of railroad tank cars at Dow’s chemical plant in Hahnville, Louisiana. As a result, and upon information and belief, SGS was the sole entity and contractor tasked with the loading and unloading of tank cars during all relevant times to the action.

7. At all material times to this action, the Plaintiffs, Brad Boyd and Johnny Reyes, were employed by Railserve Inc. [“Railserve”] as railroad conductors and switchmen.

8. Upon information and belief, as of June 7, 2016, Dow had contracted with Railserve to provide train crew personnel, including Plaintiffs, to conduct the switching of railroad tank cars within Dow’s chemical plant in Hahnville, Louisiana.

9. The Defendant, SGS, is liable unto Plaintiffs, Brad Boyd and Johnny Reyes, for all of the personal injuries and compensatory damages they sustained, as well as all general and equitable relief, together with legal interest thereon from the date of judicial demand until paid, and for all costs of these proceedings for the following reasons to-wit:

10. On or about June 7, 2016, Plaintiffs were engaged in a railroad switching operation approximately two cars north of the S.P.U. switch (Switch #220) in the Dow Chemical Plant. As the switchmen were providing a car count to the engineer via handheld radio, Johnny Reyes

observed a white vapor cloud emanating from the top of Railcar DOWX40075 with Placard ID 2941.

11. Johnny Reyes instructed the locomotive engineer to stop the movement of the train and informed the yardmaster about the cloud emanating from the railcar. Brad Boyd and Johnny Reyes secured the rail cars on the track and began to move away from the area. Once a safe distance from the subject tank car, Brad Boyd and Johnny Reyes began walking back to their crew building. At that time, both Brad Boyd and Johnny Reyes experienced extreme discomfort, burning, and irritation in their eyes and on their eyelids.

12. Upon information and belief, Defendant, SGS, was negligent and careless and failed to exercise reasonable care in that it overloaded Railcar DOWX40075, which directly caused Plaintiffs to sustain severe injuries on June 7, 2016, from which they have not fully recovered.

13. Upon information and belief, Defendant, SGS, failed to exercise reasonable care under the circumstances in properly loading and securing the subject tank car, which was SGS's sole contracted responsibility on the night the Plaintiffs sustained injuries.

14. In addition, and upon information and belief, Defendant, SGS, knew, or in the exercise of reasonable care, should have known that the subject tank car had been overloaded and improperly secured, but failed to take corrective action or take steps to warn train crews of the risk of exposure to the chemicals leaking from the subject car.

15. Plaintiffs aver that on June 7, 2016, while performing their duties in their usual and customary safe manner each sustained injuries to his eyes, face, and respiratory system. Plaintiffs have also both undergone neurological treatment for severe headaches, keratitits, photophobia, and photosensitivity. At this time, neither Brad Boyd nor Johnny Reyes has been medically cleared to return to work.

16. Plaintiffs aver that at the time of this accident they were both able-bodied railroad switchmen, and that the negligence of Defendant, SGS, directly caused severe injuries, which have further caused physical and mental pain, as well as, economic loss for lost wages, fringe benefits, and unpaid expenses for which they demand recovery.

17. Plaintiffs further aver that Defendant, SGS, through its agents, servants, and employees negligently and/or carelessly failed to exercise reasonable care in carrying out its loading of the subject tank car thereby causing and/or contributing to the aforementioned accident; and the negligence of Defendant, SGS, includes, but is not limited to the following acts to-wit:

A. In that SGS failed to exercise reasonable care in loading the subject chemical tank car at the Dow Chemical Plant;

B. In that SGS failed to exercise reasonable care in securing the chemical tank car at issue such that it could be used in a safe, suitable, and non-hazardous condition; and

C. Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter.

18. Plaintiffs demand all damages reasonable on the premises and specifically itemize the following damages suffered for which they seek recovery:

A. Physical Pain and Suffering, Past and Future;

B. Mental Pain and Suffering, Past and Future;

C. Disability;

D. Loss of Enjoyment of Life;

E. Past Lost Wages;

F. Future Lost Earning Capacity and Fringe Benefits;

G. Unpaid Past Medical Expenses;

H. Future Life Care Needs and Medical Expenses for Remainder of Life Expectancy;

19. Plaintiffs reserve the right to supplement and amend this Complaint, as additional facts become known.

20. Plaintiffs are entitled to and demand a trial by jury.

WHEREFORE, Plaintiffs, Brady Boyd and Johnny Reyes, pray that Defendant, SGS, be duly served with a copy of this Complaint and be summoned to appear and answer same and after due proceedings are held that there be Judgment granted herein in favor of Plaintiffs, Brad Boyd and Johnny Reyes, and against Defendant, SGS, for all sums reasonable in the premises, together with legal interest thereon from the date of judicial demand, until paid, for all costs of these proceedings and for all general and equitable relief.

Date: October 18, 2016

Respectfully Submitted,

**DAVIS, SAUNDERS, MILLER & ODEN**

BY: */s/ Joseph M. Miller, Esq.*
______________________________

**JOSEPH M. MILLER #30636**
**BENJAMIN B. SAUNDERS #11733**
**CARISA GERMAN-ODEN #31463**
400 Mariners Plaza Drive, Suite 401
Mandeville, Louisiana 70448
Telephone: (985) 612-3070
Facsimile: (985)612-3072

**Attorneys for Plaintiff,**
**Brad Boyd and Johnny Reyes**